UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61879-CIV-HUCK/SIMONTON

UNIQUE RESTAURANT OF
MIZNER PARK, INC.,

    Plaintiff,

v.

UNIQUE BRICKELL LTD.,
BRICKELL GP INC.,
UNIQUE WESTON LTD.,
WESTON GP INC.,
MAX'S BEACH GRILL, LTD.,
BEACH PLACE GP INC.,
MAX'S CAFÉ OF LAS VEGAS LLC,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXCEPTION TO LOCAL RULES

Presently pending before the Court is Plaintiff's Verified Motion For Exception To Local Rules 7.1 A.3 and 5.2A Concerning Pending Motions (DE # 29, filed 12/18/06). This motion is referred to the undersigned Magistrate Judge (DE # 26). For the reasons stated below, Plaintiff's motion is granted in part, as to the certificate of conference, and is denied in part, as to the certificate of service.

In its motion, Plaintiff asks that it be excused from filing a certificate of conference, pursuant to Local Rule 7.1 A. 3, and a certificate of service, pursuant to Local Rule 5.2 A., in connection with its motion to appoint receiver and motion for proceedings supplementary, which were previously denied without prejudice to renew.

In support of the instant motion, Plaintiff states that on October 11, 2006, Tony Visone, the principal owner of Defendants and the person who signed on behalf of

Defendants the settlement agreement which is the basis for the consent judgment in this case, informed Plaintiff's counsel that he was about to begin serving a sentence of four months' federal incarceration.  Plaintiff further states that all of the Defendants have defaulted in this case, and none have ever entered an appearance, and that on September 15, 2006, the day that Plaintiff filed its motion for entry of a consent judgment, all of the Defendants who are corporations were administratively dissolved and all of Defendants who are limited partnerships were revoked.  Plaintiff reiterates that it has a genuine concern that whoever is operating the restaurants during Visone's incarceration will, upon learning of Plaintiff's efforts to have a receiver appointed, destroy the restaurants and/or the equipment or furniture inside the restaurants, making worthless the only assets belonging to Defendants.  Plaintiff bases its request that the instant motion be exempted from the requirement of a certificate of service on Defendants' failure to appear in this case, and on the Court's discretion to order that no service on Defendants is required, pursuant to Fed.R.Civ.P. 5(a) (DE # 29).

Plaintiff's motion is denied insofar as it wishes to refile its motions to appoint receiver and for proceeding supplementary without serving Defendants and Visone.  The motion is granted insofar as Plaintiff wishes to dispense with a certificate of consultation in refiling the previously denied motions.

Initially, Plaintiff has not shown good cause to allow the motion to appoint a receiver to proceed ex parte.  Plaintiff has not provided any evidence besides mere supposition to support its assertion that if the motion to appoint receiver is served on Defendants and Visone, the restaurants at issue will be destroyed.  Indeed, Plaintiff has waited to file its motion to appoint receiver. The undersigned notes that Plaintiff obtained a consent judgment on September 22, 2006.  On October 11, 2006, Visone

notified Plaintiff's counsel that Visone was going to prison.  Plaintiff did not file its motion to appoint a receiver until November 17, 2006, more than one month later.  Thus, the undersigned finds that Plaintiff has not shown good cause to eliminate the certificate of service requirement.

If Plaintiff elects to refile these motions, he can easily serve Visone by mail while he is in prison.  The public records of the Bureau of Prisons reveal that Visone's prisoner number is 25206-038, and he is located at the Federal Correctional Institute in Estill, South Carolina.  Defendants can be served in accordance with the provisions of the Florida Statutes for serving dissolved corporations and other entities.  However, due to the difficulties involved with consulting with a prisoner, Plaintiff need not presently consult with Visone concerning the issues raised in the previously denied motions.

Contrary to Plaintiff's assertion that Defendants need not be served because they never appeared in this case, Plaintiff is reminded that no default judgment was entered against Defendants in this case.  In fact, pursuant to Plaintiff's motion, the District Court dismissed the case pursuant to a settlement agreement, retaining jurisdiction over the settlement agreement, signed by Visone as a principal of each Defendant (DE # 20).  Subsequently, again pursuant to Plaintiff's motion, the District Court entered a consent judgment against Defendants for violation of the settlement agreement (DE # 23).

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Verified Motion For Exception To Local Rules 7.1 A.3 and 5.2A Concerning Pending Motions (DE # 29, filed 12/18/06) is **GRANTED in part and DENIED in part**.  Any renewed motions filed by Plaintiff must include a certificate of service pursuant to Local Rule 5.2 A., but does not need to

include a certificate of conference pursuant to Local Rule 7.1 A. 3.

**DONE AND ORDERED** in Miami, Florida this 21st day of December, 2006.

_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Paul C. Huck,
   United States District Judge
All counsel and parties of record
Anthony Visone
   Prisoner No. 25206-038
   FCI Estill
   P.O. Box 699
   Estill, SC 29918